IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| MICHAEL P. ADAMS, SR., <br><br> Plaintiff, <br><br> vs. <br><br> JASON BAKER, LEWIS MATHEW, <br><br> Defendants. | CV 23-32-H-SEH <br><br> ORDER |

Plaintiff Michael P. Adams, Sr. (Adams), without counsel, brought suit on May 15, 2023, alleging Defendants' arrest of Adams on the Fort Peck Indian Reservation and transportation of him to Lewis & Clark County Detention Center was illegal because the State of Montana did not have jurisdiction to execute a search warrant on the tribal lands where Adams resided.[1] The complaint as pleaded fails to state a claim for federal relief. It is dismissed.

## BACKGROUND

Adams is incarcerated at Lewis & Clark County Detention Center.[2] The named defendants are Jason Baker (Baker) and Lewis Mathew (Mathew).[3]

Adams alleges that Mathew, a criminal investigator, executed a warrant for

---

[1] Doc. 2 at 7.
[2] *Id.* at 3.
[3] *Id.* at 4.

Adams' arrest on or about June 15, 2022, at his home on the Fort Peck Indian Reservation.[4] He further asserts that Baker was the arresting officer who on July 5, 2022, transported him from tribal jail in Poplar, Montana to the Lewis & Clark County Detention Center.[5]

Adams asserts that his arrest was illegal because the State of Montana did not have jurisdiction to execute an arrest warrant on tribal lands where he resided.[6] He argues the State should have sought an arrest warrant in Tribal Court and followed Tribal Court procedures for extradition of an individual under tribal jurisdiction.[7] Adams also states that Defendants violated a "treaty between the U.S. and a tribe," by reference to the Second Treaty of Fort Laramie elsewhere in the complaint.[8]

## 28 U.S.C. §§ 1915, 1915A SCREENING

The complaint has been liberally construed and reviewed under 28 U.S.C. §§ 1915 and 1915A.[9] Dismissal is required if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

---

[4] *Id.* at 7.
[5] *Id.*
[6] *Id.* at 7–8.
[7] *Id.* at 7.
[8] *Id.* at 6–8.
[9] *Pro se* filings are "to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). A "*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.*

2

Fed. R. Civ. P. 8 requires that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief"[10] and must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[11] The allegations must cross "the line from conceivable to plausible."[12]

## DISCUSSION

### A. *Younger* abstention doctrine.

Adams' claims are barred by the *Younger* abstention doctrine. Federal courts cannot interfere with pending state criminal proceedings, absent extraordinary circumstances which create a threat of irreparable injury.[13] Irreparable injury does not exist if the claimed threat to plaintiff's federally protected rights may be eliminated by his defense of the criminal case. Moreover, "even irreparable injury is insufficient [to permit interference with the proceeding] unless it is both great and immediate."[14]

*Younger* abstention is appropriate if: "(1) there is an ongoing state judicial proceeding; (2) the proceeding implicate[s] important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seek[s] to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding."[15]

---

[10] Fed. R. Civ. P. 8(a)(2).
[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).
[12] *Id.* at 680.
[13] *Younger v. Harris*, 401 U.S. 37, 45–46 (1971).
[14] *Id.* at 46 (quoting *Fenner v. Boykin*, 271 U.S. 240, 243 (1926) (cleaned up)).
[15] *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (citing *ReadyLink Healthcare, Inc. v.*

A plaintiff may avoid application of the *Younger* abstention doctrine by demonstrating bad faith, harassment, or some other extraordinary circumstance where irreparable injury can be shown.[16] "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts."[17]

All criteria for *Younger* abstention are met in this case. First, this matter is ongoing,[18] second, Adams' criminal proceedings implicate Montana's important interest in upholding order and integrity of its criminal proceedings,[19] and third, Adams has not demonstrated an inability to raise his constitutional challenges in his state proceedings. He may raise his claims at trial or, if necessary, on appeal.[20] If the Court were to grant Adams' requested relief, it would have the practical effect of enjoining his ongoing state criminal proceeding. He has not shown irreparable injury will occur without this Court's intervention and has not demonstrated other extraordinary circumstance warranting intervention. *Younger* abstention requires the case be dismissed.

---

*State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014) (cleaned up)).
[16] *See Perez v. Ledesma*, 401 U.S. 82, 85 (1971).
[17] *Carden v. Montana*, 626 F.2d 82, 83–84 (9th Cir. 1980) (citation omitted).
[18] *See* Doc. 2.
[19] *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief.").
[20] *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) ("[A] federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary.").

4

**B. Leave to amend.**[21]

Adams' claims are barred by *Younger*. These defects could not be cured by amendment. Leave to amend would be futile.

**ORDERED:**

1. Adams' case is **DISMISSED** for failure to state a federal claim. Amendment would be futile.

2. The Clerk of Court is directed to close this case and enter judgment.[22]

3. The Court **CERTIFIES** that any appeal of this decision would not be taken in good faith.

DATED this 21st day of June, 2023.

Sam E. Haddon
United States District Court Judge

---

[21] A complaint must be dismissed under 28 U.S.C. §§ 1915 and 1915A if it fails to state a claim upon which relief may be granted, but the district court may grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). "Leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." *Id.* at 1130–31 (internal quotations omitted).

[22] Fed. R. Civ. P. 58.